[Cite as *State v. Barnett*, 2025-Ohio-1508.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JAMES M. BARNETT, | : | Case No. 2024 AP 06 0019 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2023 CR 04 0135

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      April 28, 2025

APPEARANCES:

For Plaintiff-Appellee                                    For Defendant-Appellant

RYAN D. STYER                                        TRAVIS COLLINS
Prosecuting Attorney                                   105  Jamison Ave
Tuscarawas County Prosecutor's Office      Cadiz, Ohio 43907

By: KRISTINE W. BEARD
Assistant Prosecuting Attorney
125 E. High Ave.
New Philadelphia, Ohio 44663

*Baldwin, P.J.*

**{¶1}** The appellant, James M. Barnett, appeals his sentence in the Tuscarawas County Court of Common Pleas for his convictions of Possession of Cocaine in violation of R.C. 2925.11 and Operation of a Vehicle in Willful and Wanton Disregard of the Safety on Highways in violation of R.C. 4511.20.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On April 28, 2023, the appellant was indicted for Possession of Cocaine in violation of R.C. 2925.11 and Operating a Vehicle While Under the Influence in violation of R.C. 4511.19.

**{¶3}** On March 18, 2024, the appellee amended the second count of the indictment to Operation of a Vehicle in Willful and Wanton Disregard of the Safety of Persons or Property in violation of R.C. 4511.20. In exchange for a plea to the amended indictment, the appellee agreed to recommend the trial court sentence the appellant to community control sanctions with a reserved sentence of twelve months on count one, and fifty hours of community service on county two.

**{¶4}** On May 22, 2024, the trial court conducted sentencing. At the sentencing hearing, the trial court found that the appellant failed to attend his interview to complete the presentence investigation report. The appellant disputed this finding.

**{¶5}** The trial court did not follow the State's recommendation and sentenced the appellant to six months of jail time.

**{¶6}** The appellant filed a notice of appeal and raised the following assignment of error:

**{¶7}** "I. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT APPELLANT HAD NOT ATTENDED HIS PRESENTENCE INVESTIGATION APPOINTMENT WITHOUT PERMITTING APPELLANT THE OPPORTUNITY TO PRESENT EVIDENCE REGARDING THE ALLEGATION THAT HE HAD NOT ATTENDED SAID APPOINTMENT."

## I.

**{¶8}** In the appellant's first assignment of error, the appellant argues that the trial court abused its discretion by finding the appellant had not attended his presentence investigation appointment without permitting the appellant to present evidence regarding the allegation and that this error was not harmless. We agree.

**{¶9}** The appellee has conceded that the trial court erred. However, the State argues that this error is harmless.

## STANDARD OF REVIEW

**{¶10}** Crim.R. 52(A) defines harmless error as "[a]ny defect, irregularity, or variance which does not affect substantial rights shall be disregarded." "[T]he government bears the burden of demonstrating that the error did not affect the substantial rights of the defendant." *State v. Perry*, 2004-Ohio-297.

## ANALYSIS

**{¶11}** In the case sub judice, the State alleges that the appellant failed to establish the trial court solely relied on the presentence investigation that the appellant alleged was inaccurate. However, as this Court previously held, "if the record reflects that none of the trial court's findings or considerations would be affected in the least by the alleged inaccuracies in the report," then the error is harmless. *State v. Williamson*, 2005-Ohio-

3524 (5th Dist.) ¶25. In this case, it was the first reason the trial court listed for imposing a sentence.

**{¶12}** The trial court clearly relied on the belief the appellant failed to attend his interview for the presentence investigation report. At the sentencing hearing, the trial court imposed a sentence of six-months jail time because of 1) the appellant's failure to comply with the trial court's instructions of getting a presentence investigation report and 2) not being amendable to community sanctions.

**{¶13}** Therefore, as the trial court clearly relied on disputed facts in the presentence investigation report and that the State failed to show that this error is harmless, the appellant's sole assignment of error is well taken.

**{¶14}** Accordingly, we sustain the appellant's sole assignment of error.

## CONCLUSION

{¶15} The judgment of the Tuscarawas County Court of Common Pleas is reversed and remanded to the trial court for further proceedings consistent with this opinion.

By: Baldwin, P.J.

Hoffman, J. and

King, J. concur.